[No. 3,050.]

## ROBERT McDONALD *v*. JOEL EDMONDS.

Quitclaim Deed—Pre-emption.—A conveyance by a quitclaim deed does not preclude the grantor from afterwards acquiring and holding the same land by preëmption under the laws of the United States.

Certificate of Receiver of United States Lands as Evidence.— A certificate of the Receiver of a Land Office of the United States, that a person therein named has made full payment for a tract of land therein described, under a preëmption entry, is evidence that the person to whom it is given has taken the necessary steps towards preëmpting the land, and has paid for the same, and establishes in such person a right to the possession of the land, as against one who shows no title.

Appeal from the District Court of the Third Judicial District, County of Alameda.

Ejectment to recover a tract of land in Alameda County. On the 23d of July, 1866, the defendant and his son, Joel M. Edmonds, were in the possession of a tract of land containing about four hundred acres. On that day the son sold and conveyed to R. Dana the whole tract. Dana then entered upon it, and he and the defendant continued to reside on it. On the 15th of October, 1866, Dana and defendant, by a quitclaim deed, conveyed the whole tract to the plaintiff. The plaintiff purchased the whole tract to enable him to preëmpt without opposition one hundred and sixty acres of it on which at the time both he and the defendant lived, and did soon after so preëmpt it. The plaintiff and defendant continued to reside on this one hundred and sixty acres until 1869, when the defendant moved on to another part of the four hundred acre tract, which he inclosed with a brush fence, and upon which he built a house, and to which he set up an adverse claim under the following receipt:

"No. 2646. U. S. Receiver's Office at San Francisco, December 2d, 1869. Received from Joel Edmonds, of Alameda County, California, forty-four dollars and ninety-three cents, being in full for the lots five, seven, nine, ten, of sec-

tion seven, in township four south, range one east, containing thirty-five acres and ninety-four hundredths, at one dollar and twenty-five cents per acre.

"$44 93.                    C. H. CHAMBERLAIN,
                                              "Receiver."
Written across the face:
  "Preëmption entry.        Duplicate."

The plaintiff recovered judgment, and the defendant appealed.

*A. M. Crane*, for Appellant.

Plaintiff's right to have possession rests solely upon a quitclaim deed made to him by defendant. After this defendant takes possession, and, as a preëmptor, pays the Government for the land. Having thus paid for the land, he has become its owner, within *Hutton* v. *Frisbie* and cases there cited, 37 Cal. 475. (See Justice SAWYER's opinion, p. 491–5.) Defendant clearly has the right of possession, as against one having no right to the land. I refer, also, to *Emerson* v. *Sansome*, 41 Cal. 552.

*Fisher & Newman*, for Respondent.

A certificate of purchase never was issued, nor could it be by a Receiver, as no law or regulation of the Land Department ever authorized it. The Register of the proper Land Office alone is, and ever was, authorized by law to issue "certificates of purchase" for land belonging to the United States.

That a quitclaim deed is sufficient in every case, and, *a fortiori*, sufficient against the party making, executing, and delivering it for a valuable consideration to support ejectment, has been repeatedly decided by this Court. (*Lawrence* v. *Ballou et al.*, 37 Cal. 518 ; *Schenk* v. *Evoy*, 24 Cal. 110 ;

*Downer* v. *Smith*, 24 Cal. 123; *Sullivan* v. *Davis*, 4 Cal. 291; *Carpenter* v. *Williams*, 25 Cal. 154.)


By the Court, CROCKETT, J.:

The conveyance by the defendant to the plaintiff of the four hundred acres, including the premises in controversy, was by a quitclaim deed; and it appears from the findings that the land was then a part of the public domain of the United States.   It has been repeatedly decided by this Court that a conveyance by a quitclaim deed does not preclude the grantor from afterwards acquiring and holding for his own use the true title to the land.   (*Gee* v. *Moore*, 14 Cal. 472; *San Francisco* v. *Lawton*, 18 Cal. 465; *Morrison* v. *Wilson*, 30 Cal. 344; *Cadiz* v. *Majors*, 33 Cal. 288.)   The defendant was, therefore, at liberty to acquire for his own benefit the title of the Government, by preëmption or otherwise, notwithstanding his prior conveyance to the plaintiff. The only evidence offered by the defendant in support of his alleged preëmption claim was a certificate by the Receiver of the proper Land District of the United States, to the effect that the defendant had made full payment for the land in controversy, under a preëmption entry.   The plaintiff insists that this is not a final certificate of purchase, and that such final certificate must be issued by the Register, and not by the Receiver.   He, therefore, claims that the Receiver's certificate is not evidence of title, either legal or equitable, in the defendant.   But it is evidence that the defendant has taken the necessary steps towards preëmpting the land, and has proceeded so far in that direction that he has paid to the proper officer the full purchase price therefor.   Whatever may be the legal effect of the certificate, as between the defendant and the Government, it is clear that it establishes in the defendant a right to the possession as

against one who shows no title.   I am, therefore, of opinion that the plaintiff is not entitled to recover.

Judgment reversed, and cause remanded, with an order to the Court below to enter a judgment for the defendant on the findings.