[No. 3,402.]

## J. S. THURSTON *v.* MANUEL ALVA, CAROLAN MATHERS, AND JOHN P. ANDREWS.

SALE BY A PRE-EMPTIONER.—After a preëmptor has made the necessary proofs, and paid for the land, and received a certificate of purchase, and before the patent issues to him, he may make a valid sale of the land.

APPEAL from the District Court of the First Judicial District, County of San Luis Obispo.

The plaintiff averred in his complaint that, on the 17th day of June, 1869, the defendant Alva had paid the United States for the southwest quarter of section twenty-two, township twenty-six south, range ten east, Mount Diablo meridian, containing one hundred and sixty acres, and had received a certificate of purchase for it, and was in possession of it, and that on said day he made a verbal sale of the land to the plaintiff, in consideration of seven hundred dollars then paid to him, and placed the plaintiff in possession of the land, and agreed to give the plaintiff a deed therefor when he should receive a patent for the same, and that said defendant had received a patent for the land, dated May 10th, 1870, and on the 29th day of September, 1871, executed a deed for the same to defendant Mathers, and that Mathers had executed a mortgage on it to defendant Andrews, and that both of the last named defendants had notice of Alva's sale to the plaintiff, and that Alva now refused to carry out his contract with the plaintiff. The prayer was for a specific performance, etc.

The defendants demurred to the complaint, the Court below sustained the demurrer, and the plaintiff appealed.

*William J. Graves,* for Appellant.

The twelfth and thirteenth sections of the Preëmption Act do not prohibit the preëmptioner from selling, after he

has paid for the land. (*Robbins* v. *Bunn*, 54 Ill. 54; *Myers* v. *Croft*, 13 Wallace, 291.)

*Walter Murray*, for Respondent.

By the COURT:

The demurrer to the complaint praying a specific performance of a contract to convey land would appear to have been sustained on the ground that the vendor, at the time of making the contract, holding only a certificate of purchase from the United States, the contract of sale was void under section twelve of the Preëmption Act of 1841.

The section referred to is in the following words: "And be it further enacted, that prior to any entries being made, under and by virtue of the provisions of this Act, proof of the settlement and improvement thereby required shall be made to the satisfaction of the Register and Receiver of the land district in which such lands may lie, agreeably to such rules as shall be prescribed by the Secretary of the Treasury, who shall each be entitled to receive fifty cents from each applicant for their services to be rendered as aforesaid; and all assignments and transfers of the right hereby secured, prior to the issuing of the patent, shall be null and void."

We think that the words employed in the Act do not amount to a prohibition of the right to transfer an interest in land for which the vendor has already paid and received a certificate of purchase.

This is the view maintained in the Supreme Court of Minnesota (2 Minn. 155), and in that of Illinois (54 Ill. 54); and in the case of *Myers* v. *Croft*, 13 Wallace, 291, it was held that after entry a preëmptor is not prohibited by the Act from making a transfer of the land entered by him.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the complaint.