[No. 3,911.]

| 49 | 137 |
|----|-----|
| 84 | 503 |

## M. LYNCH v. CURTIS BRIGHAM AND ESTHER BRIGHAM.

SUFFICIENT TITLE TO RECOVER IN EJECTMENT.—In ejectment to recover public land, when the answer denies the allegations of the complaint, the mere findings by the Court that, on a day named, before the commencement of the action, the plaintiff paid to the receiver of public lands at a local land-office the amount due the United States Government for the demanded premises and took his receipt therefor, having theretofore made the necessary proofs before the land-officers, are not sufficient to show any title or right of entry in the plaintiff.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

The complaint was filed February 24, 1873, and averred that on the 23d of February, 1872, the plaintiff was the owner and seized in fee of the demanded premises and that on the next day the defendant ousted him. The other facts are stated in the opinion.

*J. C. Zabriskie*, for the Appellant.

Proof and payment of public land give the purchaser a vested right, which is equivalent to a legal title, and is conclusive against all the world, but the United States. (*People* v. *Shearer*, 30 Cal. 651 and fol.; *Marshall* v. *Shafter*, 32 Cal. 194 and 195; *Hutton* v. *Frisbie*, 37 Cal. 495 and 496; *Frisbie* v. *Whitney*, 9 U. S., Wallace 192; *Hutchings* v. *F. F. Low et als.* Dec. T., U. S.; Sup. Ct. Pacific Law Rep., Feb., 1873, p. 53.)

*B. B. Newman* and *J. B. Townsend*, for the Respondent.

The finding of the Court is not a finding of title in the plaintiff at the time of the commencement of this action, or at any time; for that payment may have been made for said land, and a receipt given by the said Chamberlain therefor, by mistake, the land being in fact at the time reserved, or previously sold, or otherwise validly claimed, and the money may have immediately upon the discovery of such mistake, on the same day, or, at least, prior to the commencement

of this action, have been returned and refunded, and the receipt taken back and canceled.

The fact found must be the very fact in issue, to wit: In this case title in the plaintiff at the commencement of this action, and not a fact, like this one, which is, at most, merely evidence of the fact in issue, but not that fact itself. It is not sufficient for the jury, or a Court sitting as such, to find facts which, however strongly, merely tend to establish the fact in issue, or from which the fact in issue might, in the absence of any contrary proof, be inferred. A judgment in favor of a plaintiff cannot be legally rendered upon the finding of such merely probative fact, but, to be warranted, must be based upon a finding of the ultimate fact in issue. (*Marshall* v. *Shafter*, 52 Cal. 193; *Breeze* v. *Doyle*, 19 Cal. 101.)


By the Court, CROCKETT, J.:

The action is ejectment in the usual form, and the complaint is not verified. The answer contains a general and specific denial of all the allegations of the complaint. The Court filed written findings, and entered a judgment for the defendants, from which the plaintiff appeals on the judgment-roll alone. The Court finds: 1st, That the land in controversy is a quarter section of public land; 2d, That on a certain day before the commencement of the action, the plaintiff paid to the United States Receiver at the land-office at San Francisco, in which district the land is situate, a sum of money "being the amount due to the United States Government for said land, and took his receipt therefor, having theretofore made the necessary proofs before the officers of the United States Land Office, San Francisco." This is the only finding which it is pretended shows any title or right of entry in the plaintiff; and it is wholly insufficient for that purpose, for reasons too obvious to require comment.

Judgment affirmed. Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.