52   299
84   503

[No. 5023.]
# E. P. FIGG *v.* ISAAC L. HENSLEY.

ENTRY OF PUBLIC LAND—RECEIVER'S DUPLICATE.—After public land has been entered and paid for at a United States Land Office, and the Receiver has given his duplicate receipt therefor, the Commissioner of the General Land Office has the power to suspend the entry, and after such suspension, and while it continues in force, the duplicate remains in abeyance, and will not support an action of ejectment.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

Ejectment to recover the west one-half of the northwest one-quarter of section fifteen, township four north, range six east, Mount Diablo meridian.

On the 7th day of November, 1873, Elijah S. Ayres made proof as a pre-emptor and payment for the demanded premises, and received from the Receiver the following certificate:

" Pre-emption Act 1841.      (Duplicate.)      No. 5347.
        " RECEIVER'S OFFICE AT STOCKTON, CAL., )
                          November 7th, 1873.  )
" Received from Elijah S. Ayres, of San Joaquin County,

California, the sum of two hundred dollars, being in full for the west one-half of northwest one-quarter section number fifteen, and east one-half of northeast one-quarter of section number sixteen, township number four north, of range number six east, containing 160 acres, at $1.25 per acre.   $200.

"OTIS PERRIN, Receiver.

On the 8th day of May, 1874, Ayres sold and conveyed the land to the plaintiff, Figg, for a valuable consideration, and assigned to him the certificate.   Representations were made to the Commissioner of the General Land Office, that Ayres had not complied with the pre-emption laws before making his entry, and said officer, on the 15th of May, 1875, made an order suspending his entry, and directing the local land officers to inquire and report the facts.   Figg, when he purchased, had no knowledge of Ayres' failure to comply, or of anything wrong in relation to the entry.   Hensley was settled on the land, claiming it as a pre-emptor, and had filed his declaratory statement on the 4th day of January, 1872.   This action was commenced on the 19th day of December, 1874.   The Court rendered judgment for the defendant, and the plaintiff appealed from the judgment and from an order denying a new trial.

*John B. Hall*, for the Appellant.

The suspension of the entry does not invalidate the entry, nor preclude the right to a patent.   The right of the purchaser subsists, and the land does not revert to the Government until the entry is finally adjudged to be invalid.   (Rev. Stats. U. S. secs. 2450, 2454.)

The duplicate receipt establishes a right of possession in the holder.   (*Byres* v. *Neil*, 43 Cal. 260 ; *McDonald* v. *Edmunds*, 44 Cal. 330.)

The duplicate is primary evidence of legal title, and may only be overcome by proof that when the pre-emption was filed the land was in the adverse possession of the adverse party, or others in privity with him.   (Code Civil Procedure, secs. 1829, 1925.)

Opinion of the Court—Crockett, J.

*W. S. Buckley,* for the Respondent.

By the Court, CROCKETT, J. :

It may be conceded, for the purposes of this decision, that the Receiver's duplicate receipt is " a certificate of purchase " within the purview of sec. 1925 of the Code of Civil Procedure ; and it may also be conceded that the plaintiff, as a *bona fide* purchaser and holder thereof, for a valuable consideration, will not be affected by the infirmities which would have impaired the effect of the certificate in the hands of Ayres, to whom it was issued.   But it appears from the findings that before the commencement of the present action, the entry on which the certificate was founded had been suspended by the Commissioner of the General Land Office, and the suspension was in full force when the suit was brought, and so continued at the time of the trial. There can be no question that the Commissioner had competent authority to suspend the entry, by virtue of his supervisory control over the acts of his subordinates.   (*Hosmer* v. *Wallace,* 47 Cal. 461.)   The legal effect of suspending the entry was to suspend also the certificate founded upon it; and so long as the suspension continued the certificate remained in abeyance, and was inoperative as a muniment of title, under sec. 1925 of the Code of Civil Procedure.   The certificates referred to in that section, as *prima facie* evidence of title, are those which are in force, and not such as have been suspended by competent authority.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.