[No. 13291.    Department One. — June 12, 1890.]

# W. V. WITCHER, RESPONDENT, v. CHARLES W. CONKLIN, APPELLANT.

PUBLIC LANDS — PRE-EMPTION — PAYMENT FOR LAND — EQUITABLE TITLE — SUBSEQUENT CLAIM. — When a pre-emptor of public land of the United States pays for the land, and takes the receiver's receipt, he thereby becomes the equitable owner of the land, and the government cannot thereafter sell it or hold it open to pre-emption by another, and a subsequent settlement and filing upon the land by another gives no title or right whatever.

CERTIFICATE OF PURCHASE — CONSTRUCTION OF CODE. — To constitute a certificate of purchase, within the meaning of section 1925 of the Code of Civil Procedure, it is not necessary that it should contain the word "certify."

ID. — RECEIVER'S RECEIPT — ACTION OF EJECTMENT. — A receiver's receipt for land pre-empted in a United States land-office contains the whole substance of an official certificate of purchase, and ejectment may be maintained on the title and right of possession evidenced by such certificate.

ID. — ABSENCE OF RECORD IN LAND-OFFICE — EVIDENCE OF PRE-EMPTION AND PAYMENT. — The absence of any record in the local land-office showing the payment of the purchase-money does not overcome the

receiver's receipt as evidence of payment. The making of such record is a matter between the officer and the government, and cannot affect the rights of the purchaser under the certificate of the receiver, which is sufficient evidence that the pre-emptor had taken all the necessary steps toward pre-empting the land.

ID. — ASSIGNMENT OF CERTIFICATE — DELIVERY — DEED OF LAND. — The conveyance of the land pre-empted, and delivery of the certificate of purchase, is sufficient evidence of an assignment of the certificate, and all rights acquired thereby.

FINDINGS — FAILURE TO FIND UPON ISSUES RENDERED IMMATERIAL. — It is immaterial whether the court fails to find upon affirmative allegations of the answer which constitute no defense to the case as proved by the plaintiff and found by the court, and which could not alter the judgment if the court had found them all in favor of the defendant.

APPEAL from a judgment of the Superior Court of the county of Modoc, and from an order denying a new trial.

The facts are stated in the opinion.

*Spencer & Raker*, and *C. A. Raker*, for Appellant.

*Goodwin & Jenks*, for Respondent.

VANCLIEF, C. — The action is ejectment. Judgment for plaintiff, from which, and from an order denying his motion for a new trial, the defendant appeals.

The plaintiff claimed title under a pre-emption entry made by Albert Scherfen, evidenced by a receipt for the purchase-money from the receiver of the land-office at Susanville, California, of which the following is a copy: —
"No. 1402.

"RECEIVER'S OFFICE AT SUSANVILLE, CAL.

"November 5, 1880.

"Received from Albert Scherfen, of Modoc County, California, the sum of two hundred dollars and —— cents, being in full for the east half of northwest quarter, northeast quarter of southwest quarter, northwest quarter of southeast quarter, of section No. 29, in township No. 41 north, of range No. 9 east, Mount Diablo meridian, containing 160 acres and —— hundredths, at $1.25 per acre.
"$200.                    ANDREW MILLER, Receiver."

Across the face of this receipt were written, in red ink, the following words: — .

"Pre-emption under section 2259, Revised Statutes. Duplicate."

It was stipulated by counsel that the lands described in the receipt are within the district of lands subject to entry and sale at the land-office at Susanville; that such lands had been surveyed by the government, and the plat thereof filed in said land-office, and duly approved prior to April, 1878, after which, in April, 1878, Albert Scherfen made a pre-emption filing on said land, which was marked and entered upon the plats and records of said land-office; but that the records of said land-office do not show that any entry of or payment for said land by Albert Scherfen was ever made, and that there is no record of any such entry or payment in said land-office.

On February 19, 1884, Scherfen, by a bargain and sale deed duly acknowledged, conveyed the land described in said receiver's receipt to the plaintiff, and delivered to plaintiff said receipt.

In January, 1887, the appellant entered and settled upon the land, and on January 18, 1889, made and filed in the land-office his declaratory statement as a preemptioner thereof, and paid three dollars as fees of the register and receiver.

1. It is contended by appellant's counsel that the receiver's receipt, in the form above quoted, is not equivalent to a " certificate of purchase," within the meaning of section 1925 of the Code of Civil Procedure, which is as follows: —

"Sec. 1925. A certificate of purchase, or of location, of any lands in this state, issued or made in pursuance of any law of the United States, or of this state, is primary evidence that the holder or assignee of such certificate is the owner of the land described therein; but this evidence may be overcome by proof that, at the time of the location, or time of filing a pre-emption claim on which the

certificate may have been issued, the land was in the adverse possession of the adverse party, or those under whom he claims, or that the adverse party is holding the land for mining purposes."

This section embodies the substance of the acts of April 13 and April 18, 1859. (Hittell's Gen. Laws, secs. 703, 704.)

The construction given these acts, and section 1925 of the Code of Civil Procedure, seems opposed to the view of counsel for appellant. In *McDonald* v. *Edmonds*, 44 Cal. 328, it was said of a receiver's receipt to a pre-emptioner, in the precise form of that relied upon by the respondent here, " whatever may be the legal effect of the certificate, as between the defendant and the government, it is clear that it establishes in the defendant a right to the possession as against one who shows no title."

When the plaintiff's grantor paid for the land and took the receiver's receipt, he thereby became the equitable owner of the land, and thereafter the government of the United States had no right or power to sell it, or to hold it open to pre-emption by another. (U. S. Rev. Stats., sec. 2271; *Hutton* v. *Frisbie*, 37 Cal. 475; *Cornelius* v. *Kessel*, 128 U. S. 457.) Therefore, appellant's settlement and filing upon the land gave him no title or right whatever, and his case is no stronger than was that of the plaintiff in *McDonald* v. *Edmonds*, 44 Cal. 328.

To constitute a certificate of purchase, in the sense of section 1925 of the Code of Civil Procedure, it is not necessary that it should contain the word "certify." The receiver's receipt in this case contains the whole substance of an official certificate of purchase; and that ejectment may be maintained on the title and right of possession evidenced by such certificate, there seems to be no doubt. (*Toland* v. *Mandell*, 38 Cal. 30; *McDonald* v. *Edmonds*, 44 Cal. 328; *Laugenour* v. *Hennagin*, 59 Cal. 625; *Stanway* v. *Rubio*, 51 Cal. 41; *Conlan* v. *Quinby*, 51

Cal. 413; *Byers* v. *Neal*, 43 Cal. 215; *Figg* v. *Hensley*, 52 Cal. 299.) The case of *Lynch* v. *Brigham*, 49 Cal. 137, cited by appellant, is not in conflict with any of the cases above cited. In that case the only question decided related to the sufficiency of a finding. The finding was held to be wholly insufficient to show any title or right of entry in the plaintiff, "for reasons too obvious to require comment." The reason for this insufficiency of the finding may probably be seen in the point of counsel which the decision sustained, which was, that "the fact found must be the very fact in issue, to wit, in this case, title in the plaintiff at the commencement of this action, and not a fact like this one, which is, at most, *merely evidence of the fact in issue*, but not the fact itself. It is not sufficient for the jury, or the court sitting as such, to find facts which, *however strongly*, merely tend to establish the fact in issue, or *from which the fact in issue might, in the absence of any contrary proof, be inferred.*" It was not denied by counsel, nor decided by the court, in that case, that the facts found are not *prima facie* evidence of title, which is all that is claimed in the case at bar.

2. It is contended by appellant that the absence of any record in the local land-office showing payment of the purchase-money by Scherfen overcomes the receiver's receipt as evidence of such payment. But the absence of such record is not inconsistent with the fact of payment; and it is not perceived why the rights of the purchaser should be dependent upon a record which, if made, must necessarily have been made by an officer of the government, and *after* payment of the purchase-money, and for the making of which the purchaser is in no degree responsible. The making of a record of the fact of payment seems to be a matter between the officer and the government, having no more bearing upon the contract of purchase, evidenced by the receiver's certificate, than would the failure of the receiver to account

to the government for the purchase-money received by him.

3. The conveyance of the land and delivery of the certificate by Scherfen to plaintiff was sufficient evidence of an assignment of the certificate and all rights acquired thereby (*Thurston* v. *Alva*, 45 Cal. 16; Pol. Code, sec. 3515); and the certificate was sufficient evidence that Scherfen "had taken the necessary steps toward pre-empting the land." (*McDonald* v. *Edmonds*, 44 Cal. 328.)

4. The allegations in the answer, that defendant was a qualified pre-emptor, and filed his declaratory statement in the land-office, etc., constitute no defense to the case as proved by plaintiff and found by the court. It is, therefore, immaterial whether the court found upon the issues tendered by those allegations of the answer or not; for, had the court found upon all of them in favor of the defendant, the judgment must still have been for the plaintiff. For all purposes of this appeal, those allegations of the answer are assumed to be true. It follows that the defendant is not injured by the failure of the court to find upon those issues.

5. As there was no evidence tending to prove any adverse possession of the land at the time Scherfen filed his pre-emption claim, the views above expressed sufficiently answer all the objections resting upon the ground that the findings are not justified by the evidence, since the certificate of purchase supplies all the specified deficiencies.

There should be no question that the findings support the judgment.

I think the judgment and order should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.