[L. A. No. 4747. Department One.—March 18, 1919.]

## H. J. SAECKER, Appellant, v. C. COHN, Respondent.

[1] PUBLIC LANDS—OWNERSHIP—PRIMA FACIE EVIDENCE—CERTIFICATE OF PURCHASE.—A certificate of purchase or location of lands sold by the United States, issued by the receiver of the United States land office of the proper district, is *prima facie* evidence that the holder of the certificate is the owner of the land described therein.

[2] ID.—CONTENTS OF PATENT—RECORD.—A patent from the United States for land may be recorded without acknowledgment, and consequently the record thereof is evidence of its contents.

[3] ID. — RECEIVER'S RECEIPT — RECORDATION — ACKNOWLEDGMENT OF EXECUTION.—A receipt given at the receiver's office showing full payment for public land, although a certificate of purchase within the meaning of section 1925 of the Code of Civil Procedure, is not a patent, and there is no law authorizing its recordation, at least until its execution is acknowledged.

[4] ID.—CONTENTS OF RECEIPT—RECORDED COPY.—A recorded receiver's receipt is inadmissible as proof of the contents of the receipt, in the absence of the preliminary proof of the loss of the original and the accuracy of the copy.

[5] ID. — ERROR IN ADMISSION OF RECEIPT — LACK OF SUFFICIENT FOUNDATION — POINT NOT MADE IN TRIAL COURT — APPEAL.—Error in the admission of such recorded receipt without proper foundation will be disregarded on appeal, where the objection was not made nor the defect pointed out to the trial court.

[6] TAXATION—VOID DEED—NAME OF PERSON ASSESSED.—Under section 3785 of the Political Code, requiring a tax deed to recite the name of the person assessed, a tax deed reciting that the property was assessed to "O. T. Kelley," when in fact the assessment was to "Charity S. Kelley," is void, since the names are not *idem sonans.*

[7] ADVERSE POSSESSION — UNCULTIVATED AND UNIMPROVED GRAZING LAND—INSUFFICIENCY OF EVIDENCE.—Occupancy of an unimproved

and uncultivated tract of land not suitable for any other purpose than for the grazing of sheep and cattle, by pasturing such animals thereon during a few days in the spring and a few days in the fall, is not sufficient to constitute that open, continuous, and notorious adverse possession which is necessary to give notice to the owner that some other person is claiming his land, where on two occasions during the five-year period next before the commencement of the action there was an interval of an entire year when the land was wholly unoccupied, and also an absence of proof that the land was not occupied by others during the intervals.

APPEAL from a judgment of the Superior Court of Kern County.  M. T. Farmer, Judge.  Reversed.

The facts are stated in the opinion of the court.

E. L. Foster and Chas. A. Barnhart for Appellant.

Matthew S. Platz for Respondent.

SHAW, J.—The plaintiff appeals from a judgment in favor of the defendant.

The complaint alleges a cause of action to quiet the title of plaintiff to a certain quarter-section of land described, situated in Kern County.  The answer denied the plaintiff's ownership and alleged that the defendant is the owner of the premises under a tax deed from the state of California, that the plaintiff claims title adverse to the defendant, and asks that the defendant's title be quieted as against the claim of plaintiff.  It also avers that the action is barred by section 318 of the Code of Civil Procedure.

The court found that the defendant is the owner of the land; that the plaintiff has no title thereto, and that the plaintiff's action is barred by section 318 aforesaid.  Thereupon judgment was given for the defendant.  It is claimed that the findings in favor of the defendant are not sustained by the evidence.

The defendant interposes the preliminary objection that the evidence does not show any title in the plaintiff, citing *Williams* v. *City of San Pedro,* 153 Cal. 44, 49, [94 Pac. 234]. The plaintiff claims title under one John F. Maio.  To prove the acquisition of the title by Maio from the United States the plaintiff offered in evidence the record of deeds in the office of the county recorder of Kern County, showing the

record of a document purporting to be a receipt given at the "Receiver's office at Visalia, California," dated April 14, 1893, by R. L. Freeman as receiver, to John F. Maio, for $198.13, as full payment for the quarter-section in question at $1.25 per acre. The defendant objected to the admission of the record on the ground that it was incompetent, irrelevant, and immaterial. This objection was overruled and the record admitted as evidence. [1] A certificate of purchase or location of lands sold by the United States, issued by the receiver of the United States land office of the proper district, is *prima facie* evidence that the holder of the certificate is the owner of the land described therein. (Code Civ. Proc., sec. 1925; *Witcher* v. *Conklin*, 84 Cal. 499, [24 Pac. 302].) [2] A patent from the United States for land may be recorded without acknowledgment, and consequently the record thereof is evidence of its contents. (Civ. Code, sec. 1160; Code Civ. Proc., secs. 1919, 1951.) [3] But this receipt, although a certificate of purchase within the meaning of section 1925 (*Witcher* v. *Conklin, supra*), is not a patent. [4] We know of no law authorizing such receipt to be recorded, at least unless its execution is acknowledged, nor of any authority for the proposition that such record can be admitted as proof of the contents of the receipt, in the absence of the preliminary proof of the loss of the original and of the accuracy of the copy, as in other cases of secondary evidence. The objection was in the general form that the evidence was "incompetent, irrelevant, and immaterial." It would have been both material and relevant if it had been competent, and it would have been competent if the preliminary foundation had been laid as above indicated. The objection that no sufficient foundation had been laid was not made, nor was the defect we have stated, pointed out to the court below. Indeed, it is not argued in the briefs. [5] Therefore, even if we concede, although we by no means decide, that a defect in plaintiff's proof, if vital, inherent, and incurable, might be good cause for affirming a judgment given for the defendant upon an affirmative defense, without inquiry into the merits of the plaintiff's appeal, we should disregard the error. We mention it solely because we find it necessary to reverse the judgment for the defendant and remand the case for a new trial, and the point might then become important to the plaintiff.

The defendant claims title to the land under a tax deed from the tax collector of Kern County to L. Cohn and also by adverse possession under color of title. The validity of the tax title depends upon the deed made by the tax collector to the state of California in 1904, based upon a sale of the land for the taxes of 1898. The land was assessed in 1898 to Charles F. Maio, but no tax was levied against this assessment because the valuation was all absorbed by a mortgage deduction. The mortgage interest was assessed to Charity S. Kelley and a tax was levied thereon, for the nonpayment of which the tax sale was made. The law in force at the time of the sale and at the time of the execution of the deed to the state in 1904 required this deed to recite "the name of the person assessed." (Pol. Code, sec. 3785.) The deed to the state aforesaid recited that the property was assessed in the year 1898 to O. T. Kelley. This name cannot be said to be *idem sonans* with Charity S. Kelley, and it follows that the recital is erroneous with respect to the name. **[6]** For this reason the deed is void and the defendant can maintain no valid claim of title thereunder. (*Henderson* v. *De Turk,* 164 Cal. 296, [128 Pac. 747].)

The defendant's claim of title by adverse possession is based upon the following facts which the evidence in his favor tends to show: The tax collector, acting under the above-mentioned deed to the state which we have held to be void, sold the land to L. Cohn and in pursuance of such sale executed a deed therefor to him on June 17, 1907. This deed was recorded on July 6, 1907. The affairs of L. Cohn, with respect to this land, were conducted by the defendant C. Cohn, who was his agent for that purpose. On May 23, 1914, L. Cohn conveyed the land to the defendant, who thereafter acted for himself.

In July, 1907, the defendant, as agent for L. Cohn, leased the land to the Kern County Land Company for grazing purposes for the remainder of that year. From that time until the trial the lease was orally renewed from year to year. The occupancy of the land, which it is claimed amounts to adverse possession, was maintained solely by the Kern County Land Company under these leases. At the time of the first lease and until the fall of 1912, the land was uninclosed. In the fall of 1912, about two years before this action was begun, the land company erected a fence which inclosed this and

other lands in its possession in one inclosure, the whole area being about one thousand acres. Prior to this inclosure the land constituted a part of a large tract of open country about twenty miles long and nine miles wide, all of which was unimproved and uncultivated and was used only for grazing, and was not suitable for any other purpose. The adverse possession which it is claimed existed during this period by reason of the occupancy of the land company consisted of the use by it of this land for grazing sheep and cattle thereon.

The defendant rests his case upon the question of adverse possession on the decision in *Webber* v. *Clarke,* 74 Cal. 11, [15 Pac. 431]. In that case, as in this, the land was not inclosed or cultivated, and no one resided upon it. The surrounding country was open, uninclosed, uncultivated, and unimproved. The adverse claimant and his grantors herded their sheep upon the land during the grazing season of each year, that is to say, from February to July. During the rest of the year the land was ''not pasturable'' for sheep and was entirely unoccupied. The court said, referring to subdivision 3, section 323, of the Code of Civil Procedure, and *Coryell* v. *Cain,* 16 Cal. 573: ''We think that pasturing during the pasturing season is 'appropriate use, according to the particular locality and quality of the property.' To pasture the land when it was 'not pasturable' would not only be not an appropriate use, but an impracticable one. In the case of cultivation, there is an interval of several months between the harvesting of one crop and the preparation of the soil for another. And there would be just as much sense in holding that the interval destroyed the continuity of the possession in the one case as in the other. . . . It is sufficient that the use is in accordance with the usual course of husbandry in the locality.'' Upon this reasoning it was held that the defendant had made out a case of adverse possession.

[7] The proof in the present case does not come up to the measure of that which was made in *Webber* v. *Clarke.* The Land Company was pasturing sheep and cattle over that region of the country, which included this particular tract of land. This stock was kept in charge of herders. The agent of the company testified in general terms that he had sheep on the land during the grazing season, that is, during the time there was feed there, in each year of the period in

question. But on cross-examination, when he was asked to give the details of this occupation, he stated that he pastured the land for a few days in the spring and a few days in the fall each year, with the exception that he could not say that he had stock on the land at all in the fall of 1908; that he had no stock on the land in the spring of 1909, but had some cattle there in the fall of 1909; that in 1911 he had sheep thereon in the spring, but no stock whatever there in the fall of that year nor until the spring of 1912. During the time when he was pasturing the land with sheep or cattle, they would remain thereon only for seven or eight days, in the spring or fall as the case may be. It thus appears that he had sheep on the land in the fall of 1908, and that there was no use whatever of the land thereafter until the fall of 1909, nor during the time from the spring of 1911 until the spring of 1912. On two occasions, therefore, during the five years period next before the beginning of the action, there was an interval of an entire year when the land was wholly unoccupied by the tenant of Cohn. Furthermore, in the present case there is no proof that during the long intervals when the Land Company was not pasturing the land other people were not occupying the same. Such occupancy is wholly insufficient to constitute that open, continuous, and notorious adverse possession which is necessary to give notice to the owner thereof that some other person is claiming his land. There is no evidence that the plaintiff and his predecessors in interest had any knowledge whatever of the use or occupation of the Land Company, or of the claim of Cohn. The proof was substantially the same as that considered in *De Frieze* v. *Quint*, 94 Cal. 653, 660, [28 Am. St. Rep. 151, 30 Pac. 1], and which the court there held was insufficient to prove adverse possession. The court there said that to set the statute of limitations in motion and constitute adverse possession the occupancy of the land "must be sufficiently open and notorious to notify an ordinarily prudent owner of its existence, and of its hostile character, unless he is otherwise *actually* notified of these facts; and to be available against persons dealing with the owner for the land, the occupancy must be of such a character, at least, as should put them upon inquiry as to the title of the occupant, and the burden of proving all the essential elements of an adverse possession, including its hostile character is upon the

party relying upon it." It follows that the evidence is insufficient to support the finding that the defendant had acquired title to the land, either under the tax deed or by adverse possession.

The judgment is reversed.

Lawlor, J., and Olney, J., concurred.