[Civ. No. 12947. First Dist., Div. Two. Feb. 7, 1946.]

RICHARD ATTEBURY, as Special Administrator etc., Appellant, v. ADA B. WAYLAND, Respondent.

(1)

John H. Leonard for Appellant.

Rankin, Oneal, Luckhardt & Hall and Stanford G. Smith for Respondent.

NOURSE, P. J.—Plaintiff, as special administrator of the estate of his deceased wife, Lina Attebury, brought this action against their daughter to quiet title to certain real property and to recover personal property in which he alleged a community interest.

The evidence presented to the trial court indicated that in 1910 plaintiff Richard Attebury with his wife and ten children moved from Kansas to Oregon where he engaged in the livestock business on a small scale. There was testimony to the effect that Mrs. Attebury also earned money and that one of her sons gave her some calves which she raised into a small herd and sold. In February, 1915, Louis Attebury, the family's eldest son, conveyed a house and lot in Standfield, Oregon, to "R. Attebury and Lina Attebury, husband and wife." Subsequently by deed dated April 1, 1915, plaintiff conveyed this property to his wife; it was stated in the instrument that the reason for the conveyance was that the property "should have been deeded directly to the said Lina Attebury, as she paid the entire consideration therefor, and this grantor herein had no interest thereto. Hence this deed from him to his said wife to place the title of record where it properly belongs." Finally, by a deed dated March 9, 1923, Lina Attebury and R. Attebury conveyed the property to one Virgie

Ball. Certified copies of the three deeds were admitted into evidence over plaintiff's general objection.

The evidence showed that decedent, who had received the monetary consideration for the sale of the Oregon property, left her husband and moved to Yuba City, California, with her son, Theodore. She received no support from plaintiff while living there. Mrs. Attebury purchased a partially completed house in Yuba City in her own name and her son finished the interior of the dwelling for her. The purchase price of approximately $650 was paid by the decedent from money she brought from Oregon, although its exact origin is left in doubt by the record. In 1927 Lina Attebury sold the Yuba City property for $1,250 and moved to San Jose where she resided with various of her children for a period of about five years.

In 1932 Mrs. Attebury moved to Santa Cruz and purchased the property which is the subject of this litigation for $550. The deed, dated September 21, 1932, conveyed the small house to her in her own name. She resided there until her death in 1943. In 1937 plaintiff lived with his wife for six months, after which time they separated again. Finally, by a deed dated December 15, 1938, and recorded on December 21, 1943, the decedent conveyed the Santa Cruz property to her daughter, Ada B. Wayland, defendant herein. The deed described the grantor as ''Lina Attebury, a single woman.''

Plaintiff commenced this suit to recover the Santa Cruz property from his daughter on the ground that it was purchased out of community funds and therefore was community property. He also prayed for the recovery of certain personal property which Mrs. Attebury's children had distributed among themselves. The trial court found that the house was the separate property of the decedent, that it had been conveyed to defendant and hence concluded that Mrs. Wayland is the owner of that property. The judgment awarded the real property to defendant and allowed plaintiff the sum of $150 as the value of his interest in the personalty. A motion for new trial was denied and plaintiff appeals from the judgment.

The first contention on appeal is that the court committed prejudicial error in admitting the three Oregon deeds into evidence over appellant's objection. It is now claimed that they were not properly authenticated and that no proper foundation was laid for their admission. The record on appeal

shows that at the conclusion of the trial below the court instructed counsel to communicate with a searcher of records or an attorney at Pendleton, Oregon, for the purpose of checking the conveyance from Louis Attebury to his parents in 1915. Counsel for defendant agreed to carry out the court's instruction and plaintiff's attorney offered no objection. Subsequently when the three certified copies of the Oregon deeds were obtained they were offered in evidence by defendant. The record before us shows only that plaintiff objected on the ground that the deeds were incompetent, irrelevant and immaterial. However, the instruments were marked "court's exhibits" and were received in evidence. In view of the record showing only a general objection the specific objections raised by appellant at this time cannot be considered on appeal. It is well settled that an objection to evidence or to the introduction of exhibits into evidence during the trial of an action on the ground of incompetency, irrelevancy and immateriality is too general to be considered on appeal and that specific objections not urged below will not be considered on appeal. (*Saecker* v. *Cohn,* 180 Cal. 151, 153 [179 P. 890]; *Crocker* v. *Carpenter,* 98 Cal. 418, 421 [33 P. 271]; *Bell* v. *Central Bank,* 89 Cal.App. 551, 553 [265 P. 551]; *French* v. *Atlas Milling Co.,* 17 Cal.App. 226, 227 and 228 [119 P. 203].) The reason for this rule of law becomes apparent in a situation such as this. If, at the time the deeds were offered in evidence, counsel had objected to their admission on the specific ground that they had not been authenticated or proved as required by law it would have been a relatively simple procedure to have returned them to the state and county of their origin for the certification under subdivision 7, section 1918, Code of Civil Procedure, that the recorder of conveyances, who certified that they were true copies of the deeds recorded in his files, was actually in office at the time he attached his seal to such certificate. A specific objection would have allowed the party offering the evidence to have remedied the defect in the technical manner of the certification. But having failed to point out the error to the trial court, particularly where the vice is latent, a party cannot for the first time on appeal have the specific objection considered (2 Cal. Jur. 269).

Appellant argues that the evidence did not support the finding of the trial court to the effect that the property was not purchased out of community funds and was the sep-

arate property of the decedent. From the time Mrs. Attebury separated from her husband and came to California she entered into all real estate transactions in her name alone. The Santa Cruz property which is the subject of this action was conveyed to her alone and she subsequently deeded the property as "a single woman" to the defendant. Since 1889 section 164 of the Civil Code has provided that ". . . whenever any real or personal property, or any interest therein or encumbrance thereon, is acquired by a married woman by an instrument in writing, the presumption is that the same is her separate property. . . ." Except as against a bona fide purchaser for value the presumption set forth in that code provision is disputable (*Gilmour* v. *North Pasadena Land & Water Co.*, 178 Cal. 6, 8 [171 P. 1006]; *Pabst* v. *Shearer*, 172 Cal. 239, 242 [156 P. 466]), but in order to overthrow the presumption the husband must establish by clear and convincing proof that the property was paid for with community funds. (*Stafford* v. *Martinoni*, 192 Cal. 724, 738 [221 P. 919]; *Thompson* v. *Davis*, 172 Cal. 491, 494 [157 P. 595]; *Alferitz* v. *Arrivillaga*, 143 Cal. 646, 649 [77 P. 657]; *Vandervort* v. *Godfrey*, 58 Cal.App. 578, 582 [208 P. 1017].) It is for the trier of facts to determine whether the evidence is sufficient to overcome the presumption. *Stafford* v. *Martinoni, supra,* and cases cited.

█ Conceding the proposition that respondent was not a bona fide purchaser for value the evidence presented to the trial court was sufficient to support the finding now under attack. The testimony in support of appellant's claim was to the effect that Mrs. Attebury had no separate funds when the family arrived in Oregon and that any money subsequently acquired was community property. There was, however, substantial evidence to the contrary. It was shown that the decedent had sold a small herd of her own cattle. One son testified that the property in Standfield, Oregon, was purchased by decedent with her separate money and that testimony was substantiated by documentary evidence. The deed dated April 1, 1915, showed that appellant conveyed the Oregon property to his wife. That evidence would tend to establish that the real property in California was purchased by Mrs. Attebury with her separate money and hence would constitute her separate property. (3 Cal.Jur. 10-Yr.Supp. 521 and cases cited.) The testimony taken before the trial court in support of appellant's claim was vague and conflicting.

It is apparent that the evidence was sufficient to sustain the court's finding that the property was separate since the appellant failed to sustain his burden of overcoming the statutory presumption by clear and convincing proof.

Appellant finally argues that the finding to the effect that there was community property in the value of $150 only was not supported by the evidence. This contention cannot be sustained. The amount and value of the personal property which Mrs. Attebury took with her when she moved to California is most uncertain. However, the evidence showed that, except for the period of six months in 1937 when appellant resided with his wife, all of her support was derived from a small pension and occasional gifts from her children. Decedent gave her daughter $425 prior to her death which was used for the burial expenses. The remainder of her property consisted of a few household items and preserves which were divided between the heirs. In view of the small value of the property the court's estimate of $150 was reasonable and the finding on that issue is supported by the evidence.

The judgment is affirmed.

Goodell, J., and Dooling, J., concurred.