[Civ. No. 3745.   Fourth Dist.   Mar. 26, 1949.]

IRVING W. STEWARD, Appellant, v. JAMES V. PAIGE,
as Trustee in Bankruptcy, etc., Respondent.

Edward L. Kellas, Richard Z. Lamberson and Lamberson & Thomas for Appellant.

L. Kenneth Say for Respondent.

MUSSELL, J.—Plaintiff appeals from a judgment in favor of cross-complainant in an action to quiet title to real property in Fresno County.

It is alleged in the complaint that plaintiff and Malvina A. Steward are husband and wife; that on or about the 26th day of March, 1946, Malvina A. Steward was adjudicated a bankrupt and defendant James V. Paige was appointed, and is now trustee in bankruptcy of the estate; that the real property here involved was acquired with community funds of plaintiff and Malvina A. Steward and that at all times said property has been and now is the community property of said parties and not the separate property of Malvina A. Steward; that plaintiff is in possession of said community property and has the control and management thereof and that defendant claims an interest in said property adverse to plaintiff.

The answer and cross-complaint contain allegations that the defendant claims an interest in said real property; that defendant has succeeded to and taken over all the interest of the bankrupt therein; that plaintiff has no right in the property; that title thereto has always been and remained in the bankrupt, Malvina A. Steward, as her own separate property and that title thereto should be quieted in favor of defendant and cross-complainant.

The trial court found in accordance with the allegations of the answer and cross-complaint that the property was the sep-

arate property of the bankrupt and it is the contention of plaintiff that there was no evidence to sustain the finding of the court as to the separate nature of the property, and that it was conclusively established that it was community.

Defendant's claim to title is based on the presumption stated in section 164 of the Civil Code which provides in part as follows: ". . . but whenever any real or personal property, or any interest therein or encumbrance thereon, is acquired by a married woman by an instrument in writing, the presumption is that the same is her separate property . . . unless a different intention is expressed in the instrument." It is conceded that the property was acquired by Malvina A. Steward at a tax sale in 1940; that at the time she was the wife of plaintiff and that the title was taken in her name.

The evidence introduced by plaintiff to overcome the presumption, and in support of his claim to title, was that plaintiff and Malvina A. Steward were married in 1930, and are now husband and wife; that in 1940, Mrs. Steward, who was then an attorney at law, purchased the property involved in this action (then a vacant lot) at a tax sale for $250, using for this purpose cash supplied by plaintiff out of community funds; that the Stewards were, and for several years had been interested in building a home and decided to build on the lot in question; that they presented plans and blueprints to a builder in Fresno who informed them that he could build the house for approximately $13,000; that both parties made application to the Prudential Life Insurance Company for, and secured a construction loan in the sum of $8,500; that in connection with the application plaintiff signed a "sworn statement by owner" and a "construction loan payment sheet"; that the receipt book issued by the insurance company, in which payments by the parties were entered contained the following notation: "Present Owner: Irving W. and Malvina A. Steward"; that a fire insurance policy was issued to "Irving W. Steward and Malvina A. Steward, husband and wife, as joint tenants"; that plaintiff opened a special bank account in his name from which all bills pertaining to the construction of the home were paid by him; that plaintiff deposited $1,500 obtained from his employee savings fund in the special account, together with various amounts from his earnings approximating $3,100 in all, and that Mrs. Steward contributed $1,200 to the same account; that from October 1942, to January 1946, plaintiff was in the U. S. Navy and during that time the loan payments of $56 per month were

made by plaintiff's wife from community funds in the amount of $2,100 left with her for that express purpose by plaintiff; that in 1945, a payment of $1,500 was made by Mrs. Steward on the loan, which payment, according to her testimony, represented a fee collected by her as administratrix of an estate; that the notice of completion, recorded at the time the house was completed, was signed and acknowledged by plaintiff and his wife as owners of the property; that plaintiff and his wife as owners signed an agreement to protect the property from a lien; that in an action to foreclose a mechanic's lien against plaintiff and his wife the complaint alleged that plaintiff and Malvina A. Steward were the owners of the property here in question; that in the answer thereto signed by Malvina A. Steward as attorney for defendants, and verified by her, the truth of the allegation was admitted and the trial court in its findings of fact found it to be true. Plaintiff testified that he did not intend at any time to make a gift of the property involved, or any interest therein, to his wife; that there was never any agreement entered into between plaintiff and his wife that the property was to be her separate property and that he never intended it to become her separate property because practically his entire savings for 15 years went into the house and lot.

At the conclusion of plaintiff's case the defendant offered and read into evidence certain parts of the testimony of Malvina A. Steward taken in the bankruptcy hearing. By stipulation it was agreed that the transcript of her testimony might be used as a deposition. Mrs. Steward's testimony so produced and read into the record by defendant's counsel was in part as follows:

"Q. And you kept this in your name? A. That is right. When we built the house and got a loan from the title company, they said, of course, the loan was in both our names, and we both were putting the money in. It didn't make any difference whose name it was in. Q. Did you have a conversation with your husband at that time? A. Yes, definitely. We didn't even think about it. We knew it was our money that was building it. We both signed for the loan and it was just community property, that is all. Q. Do you remember whether or not there were any statements made about your leaving it in your own name? A. I told him it was all right. I think we discussed it. I said, 'It doesn't make any difference. It is community property. For us both.' . . . Q. Mrs. Steward,

did you ever discuss the title to this Wilson Avenue home with your husband? A. Yes, I think we did when we built. Q. And will you tell the Court what was said? A. I don't remember exactly, except that I told him it wasn't necessary to be in both our names. The title company had so advised. I think that came up at the time we built, that it was community property. There never would be any question about it.''

The presumption with which we are here concerned is not conclusive and evidence may be admitted to establish that real property is community even though it is granted to one spouse alone as his or her property in fee simple. (*Tomaier* v. *Tomaier*, 23 Cal.2d 754, 757 [146 P.2d 905].) The question here is whether the presumption has been overcome and dispelled as a matter of law by the testimony produced by both parties to the action.

Ordinarily it is for the court or jury to determine whether or not the evidence against the presumption is sufficient to overthrow it. (*Stafford* v. *Martinoni*, 192 Cal. 724, 738 [221 P. 919]; *Smellie* v. *Southern Pacific Co.*, 212 Cal. 540, 550 [299 P. 529]; *Duehren* v. *Stewart*, 39 Cal.App.2d 201, 208 [102 P.2d 784]; *Nichols* v. *Mitchell*, 32 Cal.2d 598, 605 [197 P.2d 550].) If the trial court's conclusions are manifestly without sufficient support in the evidence its judgment is not conclusive on appeal and the presumption may be controverted by other evidence, direct or indirect. (*Nichols* v. *Mitchell, supra,* p. 605.) A presumption is evidence and is sufficient to support a verdict of a jury or a finding of the court, unless overcome by satisfactory evidence. (*Westberg* v. *Willde*, 14 Cal.2d 360, 365 [94 P.2d 590].) In the last mentioned case, at page 365, it is said:

''From these decisions, and others of this court which might be cited, the rule is firmly established in this state that a presumption is evidence and is sufficient to support a verdict of a jury or a finding of a court, unless overcome by satisfactory evidence. (Citing cases.)''

In *Simon* v. *City & County of San Francisco,* 79 Cal.App.2d 590, 599 [180 P.2d 393], in discussing the presumption of due care the court held that the presumption has no basis upon which to operate when the testimony described the acts and conduct of the injured party prior to and at the time of the accident.

In the instant case the defendant himself introduced evidence to the effect that the property was the community property of plaintiff and Mrs. Steward, thus dispelling the

effect of the presumption upon which he relies. The presumption cannot stand against the facts, and the facts having been proven contrary to the presumption, it is overcome and dispelled. (*Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514, 530 [39 P. 922].)

As is said in *Levin* v. *Brown,* 81 Cal.App.2d 913, 917 [185 P.2d 329], in discussing the presumption that a person takes ordinary care of his own concerns (Code Civ. Proc., § 1963, subd. 4) : "It is the established rule that when satisfactory proof concerning a fact is wholly irreconcilable with that presumption 'the latter is dispelled and disappears from the case.' " In the instant case the testimony introduced by defendant himself is "wholly irreconcilable" with the presumption upon which he relies, and the uncontradicted testimony offered by plaintiff clearly establishes the community character of the property involved. Under such circumstances the presumption is overcome. (*Wahrenbrock* v. *Los Angeles Transit Lines,* 84 Cal.App.2d 236, 241 [190 P.2d 272].) The proof is clear that the property in question was purchased with community funds and that plaintiff did not make a gift of it to his wife. There is no suggestion in the record that the separate property of either spouse was used in the purchase or improvement of the home. Both parties treated the property as community and the documents executed by them. in the construction of the house do not indicate that there was any intention to regard it as the separate property of either of them.

■ During the course of the trial defendant sought to introduce in evidence a ruling of the United States District Court upon an order determining exemptions of the bankrupt. Defendant now maintains that this order was res adjudicata in this case; however, this defense was not pleaded, the document was never in evidence and the defendant cannot now urge the doctrine of res adjudicata. (*Madruga* v. *Borden Co.,* 63 Cal.App.2d 116, 123 [146 P.2d 273].) Furthermore this defense is waived unless pleaded. The question is not properly before us. (*Reeh* v. *Reeh,* 69 Cal.App.2d 200, 206 [158 P.2d 751].)

■ The trial court found that stolen funds were commingled with community funds and applied on the purchase price of the property here involved. In this connection it appears that shortly after plaintiff's return from the Navy in 1946, he found that his wife had been guilty of the theft

of various sums of money for which she had been imprisoned and that involuntary bankruptcy proceedings had been commenced against her. Defendant at the trial asked leave to file an amendment to his answer alleging therein that a portion of the stolen funds were used by Malvina A. Steward to discharge the indebtedness due on the property to the Prudential Insurance Company. The court denied the right to file the amended answer and struck out all of the testimony of the witness Mrs. Clevenger which might have been addressed to the subject matter of the amendment, including all testimony addressed to the matter of ''pursuit of money into the investments in the place.'' The finding therefore has no support in the evidence or pleadings.

In view of our conclusion that the judgment should be reversed it is unnecessary to pass upon the question of the validity of the homestead filed by plaintiff.

Judgment reversed.

Barnard, P. J., and Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 23, 1949.