[Civ. No. 54829. Second Dist., Div. Five. Aug. 13, 1979.]

In re the Marriage of ISABELLE E. and EDWARD M. ASHODIAN.
EDWARD M. ASHODIAN, Appellant, v.
ISABELLE E. ASHODIAN, Respondent.

44

**COUNSEL**

Jack D. Scott for Appellant.

Richard N. Piantadosi for Respondent.

**OPINION**

**STEPHENS, J.**—Plaintiff husband appeals that portion of interlocutory judgment of dissolution of marriage which found certain real and personal property to be the separate property of defendant wife.

Husband and wife were married in 1943 and separated in 1974 after 31 years of marriage. Husband was a bus driver throughout the marriage; wife was a licensed real estate broker for approximately 15 years before

the parties separated. Wife operated a business known as Belle Realty. Between 1962 and 1965, the parties bought and sold two properties in both their names. Husband then told wife he did not have the time to keep up maintenance and repair of the properties as she requested; that he didn't understand the business or want to be bothered with it. Wife thereafter bought and sold numerous properties in her own name and did not discuss them with husband; he did not know she held title to them solely in her name until after the parties separated. However, on her request he signed grant deeds to two of the properties and also knew tax problems were presented by the wife's business.

Husband filed a petition for dissolution of marriage in 1975, alleging that all the real property involved was community. The court rejected wife's contention that the parties had agreed the proceeds from her business would be her separate property. Wife then asserted the presumption in effect prior to 1975 that property acquired by a married woman by an instrument in writing is her separate property. (Civ. Code, § 5110.) Husband testified that he did not intend a gift to wife of his interest in the property; he had assumed it was all family property. The court found that the separate property presumption did apply and that husband had failed to rebut it. In ruling that husband made a gift of his community interest in the realty to his wife, the court stated: "It's quite apparent that Mr. Ashodian sort of abandoned his wife to practice in the field of real estate and didn't want to be bothered by it. And I think that constitutes sufficient evidence of a gift. And I don't believe that he's met the burden which the law requires him to meet to establish anything to the contrary." The disputed properties and proceeds from their sale were confirmed to wife as her separate property. This appeal followed.

The issue before us is whether a wife could use her community property earnings to purchase real estate in her own name prior to 1975 and then invoke a presumption that the property belongs to her alone. The answer here is yes.

█ The separate property presumption found in Civil Code section 5110, which applies only to property acquired by a married woman prior to 1975 by an instrument in writing, is rebuttable as to all except bona fide purchasers. █ We are required initially by the Evidence Code to characterize a rebuttable presumption as one affecting either the burden of proof or the burden of producing evidence (Evid. Code, § 601), where the statutory or decisional law creating the presumption has failed to so specify. █ A presumption affecting the burden of proof is one

established to implement a public policy other than to facilitate the determination of the particular action in which the presumption is to be applied. (Evid. Code, § 605.) The presumptions in Civil Code section 5110 come within this definition; our case law has classified the community property presumption and the joint tenancy presumption in section 5110 as presumptions affecting the burden of proof. (*Hansford* v. *Lassar* (1975) 53 Cal.App.3d 364, 371-372 [125 Cal.Rptr. 804] [joint tenancy]; *Baron* v. *Baron* (1970) 9 Cal.App.3d 933, 939 [88 Cal.Rptr. 404][community property].) ▮▮ Likewise, the separate property presumption therein is one affecting the burden of proof.

The public policy reason supporting this presumption was originally the protection of a married woman's title to property in her own name when the husband had exclusive management and control of the spouses' community property prior to 1975. When Civil Code section 5125 was amended to give the wife joint management and control of community property as of 1975, the separate property presumption in section 5110 was no longer needed and was accordingly abolished as to property acquired by a married woman after 1974. We mention these policy reasons because our courts will still be dealing with this presumption for some years to come, in cases involving property acquired by a married woman before 1975. ·

Since the separate property presumption is one affecting the burden of proof, the effect of the presumption is to impose on the party against whom it operates the burden of proving the nonexistence of the presumed fact. The presumed fact here is that wife owned the property as her separate property. Husband in this case thus had to rebut the presumption by proving that the ownership interests were community property.

Once it is ascertained that a rebuttable presumption affects the burden of proof, we are next required by the Evidence Code to determine the applicable burden of proof standard; the question is whether the particular presumption must be rebutted by a preponderance of the evidence, clear and convincing proof, or proof beyond a reasonable doubt. (Evid. Code, §§ 115, 190.) Unless otherwise provided by law, the appropriate standard is proof by a preponderance of the evidence. (Evid. Code, § 115.) In this case, however, the long history of our decisional law has already established that the strong presumptions of separate property and community property found in Civil Code section 5110, unlike the joint tenancy presumption therein, must be rebutted by clear and

convincing evidence. (*Estate of Duncan* (1937) 9 Cal.2d 207, 217 [70 P.2d 174]; *Estate of Jolly* (1925) 196 Cal. 547, 553 [238 P. 353]; *Nevins* v. *Nevins* (1954) 129 Cal.App.2d 150, 154 [276 P.2d 655]; *Attebury* v. *Wayland* (1946) 73 Cal.App.2d 1, 5 [165 P.2d 524].)[1]

We are not here faced with conflicting presumptions, because the separate property presumption in Civil Code section 5110 is an exception to the general presumption that all property acquired after marriage is community property. (7 Witkin, Summary of Cal. Law (8th ed. 1974) Community Property, § 41, p. 5133.) Thus, where this particular separate property presumption is raised, the general community property presumption does not apply. (*Nevins* v. *Nevins, supra,* 129 Cal.App.2d at p. 154.) This is in contrast to the familiar rule in recent commingling cases, where the community property presumption controls and the party asserting otherwise carries the burden of proving the property was separate. (*Estate of Murphy* (1976) 15 Cal.3d 907, 917 [126 Cal.Rptr. 820, 544 P.2d 956]; *In re Marriage of Mix* (1975) 14 Cal.3d 604, 610-611 [122 Cal.Rptr. 79, 536 P.2d 479]; *See* v. *See* (1966) 64 Cal.2d 778, 783 [51 Cal.Rptr. 888, 415 P.2d 776].) We emphasize that this basic rule is the correct approach to the presumptions and burden of proof in the absence of the statutory separate property presumption in section 5110. Even without a commingling issue, this rule was well settled before the Civil Code was amended in 1889 to add the special separate property presumption. (*Morgan* v. *Lones* (1888) 78 Cal. 58, 62 [20 P. 248], citing *Ramsdell* v. *Fuller* (1865) 28 Cal. 37; *Meyer* v. *Kinzer* (1859) 12 Cal. 247; *Smith* v. *Smith* (1859) 12 Cal. 216.) Now that the separate property presumption has been abolished as to property acquired by a married woman after 1974, the general rule with its proper allocations of the burden of proof should once again apply to such property, which is presumed community unless proven otherwise by clear and convincing evidence. In this case, however, all the disputed property was purchased by wife in her name alone prior to 1975 and there is no commingling issue before us, so we are squarely within the mandate of the separate property presumption with its concomitant burden of proof on husband claiming the property for the community.

We must therefore inquire what kinds of facts are to be considered in determining whether or not the presumption has been

---

[1]This is understandable in light of the fact that many married couples take title to property as joint tenants for survivorship purposes, without intending to negate their community property interests or understanding the inconsistency of joint tenancy and community property interests. It follows, then, that a lesser burden of proof should suffice to overcome the joint tenancy presumption.

rebutted. Such facts, established by case law, include the following: (1) lack of an agreement between husband and wife to transmute community property into separate property (Civ. Code, § 5103; *See* v. *See, supra,* 64 Cal.2d 778; *Louknitsky* v. *Louknitsky* (1954) 123 Cal.App.2d 406, 410 [266 P.2d 910]; (*Halloran* v. *Isaacson* (1949) 95 Cal.App.2d 357; 360-361 [213 P.2d 19]); (2) husband had no intent to make a gift of separate or community property to wife (*See* v. *See, supra,* 64 Cal.2d 778, 783; *Geller* v. *Anolik* (1954) 127 Cal.App.2d 21, 26 [273 P.2d 29]; *DeBoer* v. *DeBoer* (1952) 111 Cal.App.2d 500, 505 [244 P.2d 953]); (3) wife used community property funds to purchase property in her own name with husband's knowledge but he intended no gift (*Steward* v. *Paige* (1949) 90 Cal.App.2d 820, 825 [203 P.2d 858]; *Estate of Baer* (1947) 81 Cal.App.2d 830, 835 [185 P.2d 412]); and (4) wife used community property funds to purchase property in her own name without husband's knowledge (*Louknitsky* v. *Louknitsky, supra,* 123 Cal.App.2d 406, 410).[2] These facts may be proved by direct or circumstantial evidence. (*Nichols* v. *Mitchell* (1948) 32 Cal.2d 598, 605 [197 P.2d 550]; *Guerin* v. *Guerin* (1957) 152 Cal.App.2d 696, 704 [313 P.2d 902]; *Nevins* v. *Nevins, supra,* 129 Cal.App.2d 150, 154.) Since a presumption is no longer evidence in California (Evid. Code, § 600) we must examine the record to determine whether any substantial evidence (Evid. Code, § 140) supports the finding of the court below. The record shows that (1) she used her real estate earnings to buy these properties, (2) husband did not know at the time of purchases that she took title in her own name, (3) there was no agreement that wife's earnings were her separate property, (4) husband did know wife was buying and selling real property and that he was not concerned therewith, (5) husband knew that he executed two grant deeds to aid in the transfer of properties, and (6) husband knew income from real estate transactions were considered at the time income tax returns were drafted and he made no inquiry as to it.

Here, the court's ruling that husband intended a gift by "abandoning" wife to practice real estate was correct since it is supported by the evidence albeit conflicting. The finding that there was no agreement between the parties, as found by the trial court, (3) above, is supportable under items (1) and (2) above. There remains the question as to whether a gift resulted under the facts of the case. The inference that husband

---

[2] In commingling cases, of course, there are two established methods for rebutting the community property presumption and carrying the burden of proof to show property purchased during marriage was separate: (1) tracing the purchase to a separate property source, and (2) proving that at the time of purchase all community income was exhausted by family expenses. (*Estate of Murphy, supra,* 15 Cal.3d 907, 918; *In re Marriage of Mix, supra,* 14 Cal.3d 604, 611-612; *See* v. *See, supra,* 64 Cal.2d 778, 783.)

intended a gift of his interest to wife where he executed grant deeds, (5) above, is warranted. His knowledge that an accountant and wife had income tax problems with property transactions and he sought no information as to them, (4) and (6) above, additionally confirms his abandonment of any interest therein. While pursuit of separate careers by spouses who do not discuss their business with each other cannot be deemed "abandonment" without more, here the disavowal of having anything to do with the wife's transactions and the signing of grant deeds to such properties constitutes sufficient evidence of a gift. The factual finding by the trial court on conflicting evidence is binding upon this court.

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.

A petition for a rehearing was denied September 12, 1979, and appellant's petition for a hearing by the Supreme Court was denied November 8, 1979. Mosk, J., Clark, J., and Manuel, J., were of the opinion that the petition should be granted.