Filed 4/1/16  P. v. Sauls CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BERT SAULS,<br><br>    Defendant and Appellant. | F069709<br><br>(Super. Ct. No. SC074150A)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Robert Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Stephen G. Herndon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

The Three Strikes Reform Act of 2012 (Proposition 36) permits third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies to petition for resentencing. (Pen. Code,[1] § 1170.126 et seq.) If a petitioning offender satisfies the statute's eligibility criteria, they are resentenced as a second strike offender "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Following the enactment of Proposition 36, defendant filed a petition for recall of sentence. The trial court found defendant posed an unreasonable risk to public safety, however, and denied the petition. On appeal, defendant contends (1) he was entitled to have his dangerousness proven beyond a reasonable doubt, or at least by clear and convincing evidence, (2) the trial court abused its discretion by denying his petition for resentencing, and (3) the definition of "unreasonable risk of danger to public safety" included in 1170.18, subdivision (c) (Proposition 47), applies to Proposition 36.[2] We affirm.

## FACTS

On January 13, 1999, defendant was found guilty of possession of cocaine base for sale (Health & Saf. Code, § 11351) and possession of drug paraphernalia (Health & Saf. Code, § 11364). At sentencing, the trial court found defendant had four prior strikes: three 1986 convictions for robbery (§ 211), and a fourth conviction for robbery in 1991 (§ 212.5, subd. (b)). Defendant was sentenced as a third strike offender to a term of 25 years to life in prison.

---

[1]     Unless otherwise indicated, all statutory references are to the Penal Code.

[2]     Defendant also argues the denial of a claim of eligibility for resentencing under Proposition 36 is appealable. The People concede this point and we agree. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.)

On December 26, 2013, defendant filed a petition for recall of sentence pursuant to Proposition 36. At the hearing on defendant's petition, the People did not dispute defendant's statutory eligibility to be resentenced, but argued his release would pose an unreasonable risk to public safety. The People noted defendant's record contained seven juvenile adjudications, as well as five parole violations, four convictions for assault with a deadly weapon, four convictions for robbery, as well as convictions for second degree burglary, possession of a controlled substance, sale of a controlled substance, and possession and sale of drug paraphernalia. The People also presented evidence showing defendant had committed several rules violations during his incarceration, including a 2000 violation for possession of a deadly weapon, a 2007 violation for refusing a direct order, and a 2010 violation for participating in a prison riot.

Defendant, however, argued he had never assaulted anyone with a deadly weapon, and his convictions for such assaults were based on the actions of his accomplice during robberies they committed together. Defendant also testified he had only acted violently in prison for the purpose of self-defense, and had taken anger management classes and counseled at-risk teens during his time in prison. Defendant stated he had already been accepted into a six-month to one-year work program, and would seek further employment in the oil fields or fast-food industry. A friend of defendant's, Ethel Rincon, testified she would give defendant a place to stay if necessary.

On July 1, 2014, the trial court made an oral ruling denying defendant's petition, finding defendant posed an unreasonable risk of danger to public safety. In support of its ruling, the trial court cited defendant's prison disciplinary record, intellect, and life-long inability to stay out of legal trouble. This appeal followed.

**DISCUSSION**

**I.** *Defendant was not entitled to have his dangerousness proven beyond a reasonable doubt or by clear and convincing evidence.*

Defendant contends dangerousness must be proven beyond a reasonable doubt or, in the alternative, by clear and convincing evidence. We disagree.

In support of his position, defendant makes two arguments. First, defendant claims dangerousness is subject to a heightened burden of proof under *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490, as it involves the finding of facts that increase a defendant's sentence. The denial of a petition for recall of sentence, however, does not extend a defendant's term of imprisonment; it merely denies the defendant a downward modification of a validly imposed indeterminate term of life in prison. If the denial of defendant's petition subjected him to an increased sentence, then he would indeed be entitled to the protections of a heightened standard of proof. But since defendant has *already* been subjected to an indeterminate term of life in prison—following a jury trial where he was found guilty of the charges beyond a reasonable doubt and properly sentenced to that term pursuant to the laws in effect at that time—defendant's constitutional rights were not violated by the use of a bench trial and lowered burden of proof in a proceeding concerning a potential downward modification of that properly imposed sentence. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1305-1306.)

Defendant next claims a heightened standard of proof is required because a determination of dangerousness deprives defendant of his liberty, and defendant has a greater interest in his liberty than the People have in keeping him incarcerated. (See *In re Marriage of Peters* (1997) 52 Cal.App.4th 1487, 1490 ["The burden of proof thus serves to allocate the risk of error between the parties, and varies in proportion to the gravity of the consequences of an erroneous resolution."].)

4.

Defendant's claim that he has a greater interest in his liberty than the People have in keeping him incarcerated is misplaced. While defendant certainly has great interest in his freedom, the People have a similarly serious interest in preventing harm to citizens at the hands of dangerous inmates who would, absent the resentencing provisions of Proposition 36, remain incarcerated. As such, a standard of preponderance of the evidence correctly reflects "the gravity of the consequences of an erroneous resolution." (*In re Marriage of Peters*, *supra*, 52 Cal.App.4th at p. 1490.)

## II. *The trial court did not abuse its discretion by denying defendant's petition.*

As noted above, under Proposition 36, statutorily eligible petitioners "shall be resentenced … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) In exercising its discretion, "the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

We review a trial court's determination that an inmate poses an unreasonable risk of danger to public safety for an abuse of discretion. (*People v. Superior Court (Kaulick), supra,* 215 Cal.App.4th 1305.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

In the instant case, the trial court's denial of defendant's petition for resentencing specifically cited defendant's prison disciplinary record and prolific criminal history. Indeed, the record shows defendant had accumulated seven juvenile adjudications, five prison terms, several prior strikes, numerous parole violations, and several additional

convictions prior to his current incarceration. Included among these prior convictions were three convictions for assault with a deadly weapon. Further, after his most recent incarceration, defendant incurred rules violations for possession of a deadly weapon, participating in a prison riot, and refusing a direct order. Given this record, we simply cannot state the trial court's decision to deny defendant's petition was "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony, supra,* 33 Cal.4th at p. 377.) There was ample evidence to support the trial court's finding that defendant posed an unreasonable risk of danger to public safety and, accordingly, defendant is not entitled to relief.

**III.** *Proposition 47's definition of "unreasonable risk of danger to public safety" does not apply to appellant's petition.*

On November 4, 2014, voters enacted the Safe Neighborhoods and Schools Act (Proposition 47). Under Proposition 47, certain offenses that were previously sentenced as felonies or "wobblers" were reduced to misdemeanors, and individuals serving felony sentences for those offenses were permitted to petition for resentencing. (§ 1170.18, subd. (a).) Assuming the petitioning inmate meets the statutory eligibility requirements, the trial court must resentence the inmate in accordance with Proposition 47 "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Unlike Proposition 36, Proposition 47 specifically defines "unreasonable risk of danger to public safety." That definition reads as follows: "As used throughout this Code, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subd. (c).)

Section 667, subdivision (e)(2)(C)(iv) enumerates eight felonies or classes of felonies:

"The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section, for any of the following felonies:

"(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.

"(II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.

"(III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288.

"(IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.

"(V) Solicitation to commit murder as defined in Section 653f.

"(VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.

"(VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.

"(VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death."

On appeal, defendant asserts that this definition of "unreasonable risk of danger to public safety" also applies to petitions for resentencing under Proposition 36. We disagree.[3]

"'"When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." [Citation.]' [Citation.]" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) However, "the language of a statute should not be

---

[3]    This issue is currently pending review by the California Supreme Court. (See *People v. Valencia,* review granted Feb. 18, 2015, S223825; *People v. Payne*, review granted Mar. 25, 2015, S223856.)

given a literal meaning if doing so would result in absurd consequences that the [voters] did not intend." (*In re Michele D.* (2002) 29 Cal.4th 600, 606.)

Here, it appears clear that the phrase "[a]s used throughout this Code," employed in section 1170.18, subdivision (c), refers to the entire Penal Code, not merely the provisions contained in Proposition 47. (See *People v. Bucchierre* (1943) 57 Cal.App.2d 153, 164–165, 166; see also *Marshall v. Pasadena Unified School Dist.* (2004) 119 Cal.App.4th 1241, 1254–1255; *People v. Vasquez* (1992) 7 Cal.App.4th 763, 766.) We conclude, however, that such an interpretation would lead to consequences the voters did not intend when they enacted Proposition 47.

By its provisions, Proposition 47 reduces the sentences of inmates serving felony sentences for specified offenses that are now classified as misdemeanors. Nowhere in the ballot materials on Proposition 47 were voters informed the law would also modify the resentencing provisions of Proposition 36, which concerns recidivist inmates serving sentences for felony offenses that remain classified as felonies.

The official title and summary, legal analysis, and arguments for and against Proposition 47 are all silent on what effect, if any, Proposition 47 would have on Proposition 36. As we cannot conclude the voters intended an effect of which they were unaware, we decline to conclude the voters intended for Proposition 47's definition of "unreasonable risk of danger to public safety" to apply to section 1170.126, subdivision (f), of Proposition 36.

Further, while we are aware "[i]t is an established rule of statutory construction ... that when statutes are *in pari materia* similar phrases appearing in each should be given like meanings," we are not persuaded that Propositions 36 and 47 are in pari materia. (*People v. Caudillo* (1978) 21 Cal.3d 562, 585, overruled on another ground in *People v. Martinez* (1999) 20 Cal.4th 225, 229, 237, fn. 6.) Two "'[s]tatutes are considered to be in pari materia when they relate to the same person or thing, to the same class of person[s or] things, or have the same purpose or object.'"" (*Walker v. Superior Court* (1988) 47

8.

Cal.3d 112, 124, fn. 4, quoting 2A Sutherland, Statutory Construction (Sands, 4th ed. 1984) § 51.03, p. 467.)

Proposition 47 deals with individuals sentenced as felons for crimes that are now misdemeanors, while Proposition 36 deals with inmates with at least two violent or serious felonies who are currently serving indeterminate life sentences for a third felony conviction. These laws deal with very different levels of punishment, and very different severity of offenses. Even if the statutes are in pari materia, however, canons of statutory instruction are not dispositive, and serve as "mere[] aids to ascertaining probable legislative intent." (*Stone v. Superior Court* (1982) 31 Cal.3d 503, 521, fn. 10.) Given our review of Proposition 47, we conclude that voters intended the law to apply to the sentencing and resentencing of the misdemeanor offenses enumerated within that law, and not to the previously enacted provisions of Proposition 36. Accordingly, defendant is not entitled to remand that would subject his resentencing under Proposition 36 to the definition of "unreasonable risk of danger to public safety" contained in Proposition 47.[4]

## DISPOSITION

The order is affirmed.

---

[4] In a supplemental brief on appeal, defendant argues that if the definition of "unreasonable risk of danger to public safety" found in Proposition 47 applies to Proposition 36, then it must apply both retroactively and prospectively. As we find the definition found in Proposition 47 does not apply to Proposition 36, we need not address defendant's argument regarding retroactive and prospective application.