Filed 12/28/22  Marriage of Kamalnathan CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re the marriage of LINDA and RAJAGANESH KAMALNATHAN | |
| LINDA KAMALNATHAN, Petitioner and Appellant, v. RAJAGANESH KAMALNATHAN, Defendant and Respondent. | A162464 (Alameda County Super. Ct. No. HF15792825) |

In this dissolution appeal, petitioner Linda Kamalnathan argues that the trial court erred in rejecting her claim that certain properties in India constitute community property because they were acquired by respondent Rajaganesh Kamalnathan during their marriage.  Finding no reversible error, we affirm the judgment.

## BACKGROUND[1]

Petitioner and respondent married in October 1998, and petitioner filed for dissolution in 2015. After years of litigation, the court set a July 2019 trial date, and it ultimately held trial in July 2020.

Prior to the original trial date, petitioner appears to have requested that the court hold an evidentiary hearing on the authentication of deeds for multiple Indian properties that she claimed were community properties (the disputed properties). The record does not include petitioner's briefing in support of her request, but respondent argued in his briefing that the foreign deeds should be excluded as hearsay and for lack of authentication. With respect to authentication, respondent argued that the foreign deeds could not be presumed authentic as acknowledged documents under Evidence Code section 1451 and Civil Code section 1183, subdivision (e)[2] because the words

---

[1] We recite only the background facts relevant to the contentions raised in this appeal.

[2] An acknowledged document may be offered into evidence without further proof of its execution. (Evid. Code, § 1451 [certificate of acknowledgment "is prima facie evidence of the facts recited in the certificate and the genuineness of the signature of each person by whom the writing purports to have been signed if the certificate meets the requirements of [Civ. Code, § 1180 et seq.]"]; Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2015) ¶ 8:361, Ch. 8C–B.) An acknowledgment is the act of a person who has executed an instrument declaring before a competent court or officer that the execution is their act or deed. (*De Wolfskill v. Smith* (1907) 5 Cal.App. 175, 184.) An acknowledgment may be made outside of the United States in front of a notary, but, in such cases, the notary's signature must be "proved or acknowledged (1) before a

2

"authentic" and "authenticity" were crossed out in the apostilles on the deeds petitioner submitted.

Judge Nixon presided over the hearing and ordered as follows: "After review of each parties' points and authorities as well as all other documents filed by each party concerning the deeds at issue, the court denies petitioner's request to admit all 18 apostilles 'sale deeds'. The court finds that the modified notary stamps specifically crossing out the words 'authenticated', 'authentic' and 'authenticity' and renouncing any liability for the accuracy of the content of each document nullifies the very purpose of the Apostilles. [¶] The court reserves for trial the use of said deeds, their relevancy, or other evidentiary methods of admission proven at trial."

Shortly thereafter, on his own motion, Judge Nixon reconsidered his order. He ruled, "The court finds that the Apostilles are not defective because the word 'authenticated' is crossed out. The Apostilles were not meant to authenticate the deeds, only to certify the authenticity of the signature, seal or position of the official (in this case the notary) who executed, issued or certified a copy of a public document (the deeds). An apostille of an authentication does not relate to the content of the underlying document. [¶] The deeds may be introduced into

_____

judge of a court of record of the country where the proof or acknowledgment is made, or (2) by any American diplomatic officer, consul general, consul, vice consul, or consular agent, or (3) by an apostille (certification) affixed to the instrument pursuant to the terms of The Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents." (Civ. Code, § 1183, subd. (e).)

evidence provided they have a notary stamp certified with an apostille. Neither the notary stamp nor the apostille are evidence of the validity of the information contained in said deeds."[3]

At trial, the parties did not contest that six of twenty Indian properties were community properties, but they disputed the characterization of the additional fourteen properties. During her testimony, petitioner sought to introduce a purported foreign deed for one disputed property, and respondent objected that the deed was hearsay and it did not conform with Judge Nixon's order because it lacked a notary stamp. After reviewing the record, the trial judge ruled that the court was going to enforce Judge Nixon's order. The court stated the deeds could be admitted with a notary stamp and apostille, and it observed that petitioner had submitted an example deed to Judge Nixon that contained both. Petitioner thereafter did not seek to move the foreign deeds into evidence. She testified about how she obtained the deeds; however, her counsel expressly disclaimed that her testimony was being offered to prove that respondent owned any of the properties.

---

[3] Because the record does not include petitioner's briefing in support of her request for the evidentiary hearing or the reporter's transcript for the hearing, we are left to speculate to some extent about what exactly petitioner requested with respect to the foreign deeds. From the record provided, it appears the issue was authenticity, the court rejected respondent's argument that the apostilles were defective because certain words therein were crossed out, and the court ruled that deeds with both a notary stamp and an apostille were properly authenticated.

In its final statement of decision, the court rejected petitioner's contention that the disputed properties were community properties.   The court ruled as follows:  "Petitioner claims that Respondent purchased numerous other properties in India during the marriage that she contends are community assets and seeks her share of those properties.  Respondent denies that those properties are community assets.  He denies purchasing those disputed properties or directing any community assets towards their purchase.  Despite much discussion during trial about the issue, Petitioner did not introduce into evidence any purported deeds regarding these disputed properties. Petitioner did not prove that any community assets were used to purchase these disputed properties, despite the extensive work done by [an appointed expert under section 730].  Petitioner did not prove that Respondent purchased any of these properties during the marriage.  Petitioner did not identify any transfers from any community account that went towards the purchase of any of the disputed properties.  Petitioner's own knowledge of these disputed properties was very limited and speculative. Respondent testified that his mother and sister purchased certain properties in India and placed certain ones in his name. That testimony was not contradicted by any credible evidence. The Court finds that Petitioner did not prove that any of the disputed India properties is a community asset to be divided. Petitioner's claim for a share of the value of the disputed India properties is DENIED."

DISCUSSION

On appeal from a judgment based upon a statement of decision, we review questions of law de novo and findings of fact for substantial evidence. (*Cuiellette v. City of Los Angeles* (2011) 194 Cal.App.4th 757, 765.) Under substantial evidence review, findings of fact are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings. (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.) We review the trial court's evidentiary rulings for abuse of discretion. (See *People v. Williams* (1997) 16 Cal.4th 153, 196–197.)

Petitioner contends the trial court erred by refusing to admit deeds for the disputed properties into evidence; by failing to require respondent to rebut the presumption under Family Code[4] section 760 that the disputed properties were community properties; and by failing to continue the trial to allow her more time to obtain deeds compliant with Judge Nixon's order. As set forth below, each of petitioner's contentions lacks merit.

## I. Admissibility of the Foreign Deeds

Petitioner argues that the court erred in ruling that foreign deeds with notary stamps and apostilles could be admitted, but she does not establish the court abused its discretion in so ruling. The court's ruling addressed authentication, yet petitioner notably fails to cite any authority governing the authentication of

---

[4] All further statutory references are to the Family Code unless otherwise specified.

6

writings. Petitioner instead cites Evidence Code sections 452, subdivision (f), 1202, and 1523, subdivision (b), but these statutes do not assist her. Evidence Code section 452, subdivision (f), allowing a court to take judicial notice of "[t]he law of an organization of nations and of foreign nations and public entities in foreign nations," and Evidence Code section 1202, addressing impeachment of hearsay statements by a declarant who does not testify at trial, are inapposite, and in any event, petitioner fails to show she sought relief under those statutes below. The same is true for Evidence Code section 1523, subdivision (b), which addresses the admissibility of oral testimony to prove the content of a writing, not the authenticity of writings that a party seeks to admit.[5]

***The Section 760 Presumption***

Before addressing petitioner's claim that the court misallocated the burden of proof and failed to require respondent to rebut the section 760 presumption, it is helpful to review the two statutes relevant to her claim. Section 760 sets forth the

---

[5] Under Evidence Code section 1523, subdivision (b), oral testimony of the content of a writing is admissible when the proponent does not have possession or control of a copy of the writing and the original is lost or has been destroyed without fraudulent intent on the part of the proponent. Even if this statutory provision were somehow implicated, petitioner concedes its inapplicability by admitting that she had copies of the writings at issue. In her brief, petitioner also cites "Code of Civil Procedure [s]ection 1281(8)[,]" which does not exist. To the extent she meant to cite Code of Civil Procedure section 128, subdivision (a)(8), which grants the court the power to amend and control its process and orders, that statute too is inapposite.

presumption that, except as otherwise provided by statute, all property acquired during marriage is community property. On the other hand, section 770, subdivision (a)(2) provides, "(a) Separate property of a married person includes all of the following: [¶] . . . [¶] (2) All property acquired by the person after marriage by gift, bequest, devise or descent." Section 760 provides a rebuttable presumption, and, once the presumption is activated, the opposing party has the burden of establishing by a preponderance of the evidence that the property at issue is not community property. (Evid. Code, § 606; *In re Marriage of Ettefagh* (2007) 150 Cal.App.4th 1578, 1585, 1591.) Any credible evidence may be used to overcome the section 760 presumption, including evidence the item was acquired as a gift to one spouse. (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 91.)

Here, petitioner does not demonstrate error in the trial court's finding that she failed to show that the disputed properties were acquired during marriage, and that the section 760 presumption was therefore not triggered. (Cf. Simons, Cal. Evid. Manual (2022) § 10:4 [effect of a rebuttable presumption as to proof is that once the preliminary fact is proved, a finding of the conclusionary fact is required if no contradictory evidence is presented or when contradictory evidence leaves trier of fact in equilibrium].) With one exception, the evidence petitioner points us to in her briefing does not establish the specific date of any property acquisition. And the trial court did not err in the characterization of the single exception—a property called "Thirunendarvur," the deed to which

8

respondent admitted signing in 2007—because the court found Thirunendarvur was community property.

In any event, the judgment is not reversible even assuming that respondent acquired the disputed properties during marriage and the court erred by failing to apply the section 760 presumption because petitioner does not address prejudice, and we perceive none given the court's findings. (See *Navigators Specialty Ins. Co. v. Moorefield Construction, Inc.* (2016) 6 Cal.App.5th 1258, 1288 [misallocation of burden of proof in bench trial must be prejudicial].) The court acknowledged that respondent disputed that he purchased the properties at issue and disputed that they were community property. The court then credited respondent's testimony that his mother and sister purchased the disputed properties, and the court found there was no credible evidence to the contrary. Thus, if there were acquisitions by respondent of the disputed properties during marriage, the court found that the only credible evidence showed that such acquisitions were made with the money of respondent's mother and sister. (See § 770, subd. (a)(2) [property acquired by gift is separate property].) On this record, petitioner cannot show that it is reasonably probable that she would have obtained a more favorable result in the absence of any alleged error.[6]

---

[6] Petitioner mentions undue influence within the section of her brief discussing the section 760 presumption. To the extent she seeks to raise this as an issue, she forfeited any such contention. (See *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 [failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading]; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th

## II. Trial Continuance

Petitioner's final contention—that the trial court should have continued the trial to allow her time to obtain foreign deeds—merits little discussion. Petitioner mentions authority allowing the trial court to set aside a judgment in certain instances (§ 2122, Code Civ. Proc., § 473, subd. (b)), but she does not seek reversal based on these authorities. Instead, she contends that the trial court should have continued the trial in the interests of justice. But petitioner knew of the need to obtain deeds that complied with Judge Nixon's order for nearly a year before trial, and she never asked for a continuance. (*In re A.B., supra*, 225 Cal.App.4th at p. 1366 ["Because [the appellant's] counsel never requested a continuance . . . , we consider the argument forfeited"].)

## DISPOSITION

The judgment is affirmed.

BROWN, J.


WE CONCUR:

POLLAK, P. J.
GOLDMAN, J.

*In re Marriage of Kamalnathan* (A162246)

---

270, 277 [to show error, appellant must supply some cogent argument supported by legal analysis and citation to the record].) Petitioner also fails to show that she raised undue influence below. (See *In re A.B.* (2014) 225 Cal.App.4th 1358, 1366 [appellant is generally precluded from urging on appeal any point not raised below].)